UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CHRISTOPHER M MACHUNIS,<br><br>        Plaintiff,<br><br>v.<br><br>BOISE PETERBILT, INC.; and<br>JACKSON GROUP PETERBILT, INC,<br><br>        Defendants. | Case No. 1:24-cv-00289-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Boise Peterbilt, Inc. and Jackson Group Peterbilt, Inc.'s ("Defendants") Motion to Dismiss. Dkt. 4. Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND[1]

In January of 2022, the Plaintiff, Christopher Machunis, began suffering from a

---

[1] Unless otherwise referenced, the following facts are from Machunis's Amended Complaint (Dkt. 2) and are accepted as true for purposes of reviewing Defendants' Motion to Dismiss. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008).

disability that affected his posture and his ability to use his hands.[2] This condition required surgery. Leading up to the surgery, Machunis's Supervisor, Jason Thompson, and Shop Manager, Danny Sedillos, ridiculed him by calling him "Quasimodo." Upon Machunis's return to work, Thompson and Sedillos maintained Machunis's surgery incision looked like a vagina.

In the weeks following his return to work, Machunis was assigned to "light duty" tasks, which, at Thompson's direction, required Machunis to complete online training for other mechanics. In other words, Machunis was instructed to impersonate the other mechanics and complete their online training. After two weeks of completing training for others, Machunis refused to continue. Thompson and Sedillos then assigned Machunis jobs outside of his restrictions. *Id*. On June 5, 2022, Machunis emailed Ben Sandberg, the Director of Service, to complain that he was being forced to complete others' trainings and was being harassed and ridiculed due to his disability. The next day, Thompson and Sedillos told Machunis he was fired. When Machunis stated he would consult a lawyer, Thompson told him he wasn't fired but was on suspension. Machunis then left the location, assuming he was fired.

Later that day, Machunis received a call from Bruce Adams, the President of Jackson Group Peterbilt ("Jackson Group"), who attempted to resolve the situation. Machunis informed Adams that he was parting ways with the company. On June 8, 2022,

---

[2] Although Defendants contest some of the allegations in Machunis's Complaint, the Court must accept all plausible allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff when considering a motion to dismiss. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Adams and Sandberg again met with Machunis and tried to reconcile the situation by offering a job at a different, much further away, location. Machunis refused.

On or about November 28, 2022, Machunis filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination based on disability and retaliation. Dkt. 2-1; Dkt. 2-2. The Charges filed with both the IHRC and the EEOC identify Caldwell Peterbilt Inc. ("Caldwell Peterbilt") as Machunis's employer. *Id.* However, while Machunis worked at the Caldwell Peterbilt location, he was employed and paid by Boise Peterbilt, Inc. ("Boise Peterbilt"). Dkt. 13, ¶ 3; Dkt. 4-1, at 2. Both Caldwell Peterbilt, and Boise Peterbilt are owned by Jackson Group. Dkt. 4-2, ¶ 3; Dkt. 10.

Caldwell Peterbilt, the mistakenly identified employer, was served with a letter from the IHRC, notifying it of Machunis's claim on November 28, 2022. Dkt. 2-4, at 2. Caldwell Peterbilt did not respond to the letter or to IHRC's subsequent attempts to contact them by phone and through its website on March 7, 2023, or by phone on April 7, April 18, and April 24 of 2023. Dkt. 2-4, at 2 n.1. Following this period of non-response, the IHRC issued a determination of probable cause that illegal discrimination and retaliation had occurred. Dkt. 2-4, at 4. Defendants assert that the first time Boise Peterbilt and Caldwell Peterbilt were informed of Machunis's Charge of Discrimination was at some point after IHRC had already issued its determination.[3] Dkt. 4-1, ¶ 6.

On March 19, 2024, the EEOC issued Machunis a Right to Sue Letter for his Charge

---

[3] Defendants do not specify when they received notice of the IHRC's determination.

of Discrimination against Caldwell Peterbilt. Dkt. 2-3. Machunis subsequently filed the instant suit on June 16, 2024, naming Boise Peterbilt and Jackson Group as Defendants. Dkt. 1.[4] In addition to a negligent supervision claim, Machunis appears to bring claims for violation of Title VII of the Civil Rights Act of 1954, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq. ("IHRA").

Defendants subsequently moved to dismiss, arguing that because Machunis brought the instant suit against parties not named in the charges filed with the EEOC and IHRC, he has failed to exhaust his administrative remedies. Dkt. 4-1.

### III. LEGAL STANDARD

#### A. 12(b)(6) Motion

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id*. (citing *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[4] Later the same day, Machunis filed an Amended Complaint (Dkt. 2) as a matter of course. Fed. R. Civ. P. 15(a)(1)(A).

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. In other words, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal*, the Ninth Circuit has summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal*, 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued hold dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt

that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

In order to file a Title VII suit, a plaintiff must first file a timely charge of discrimination with the EEOC. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). When the proceedings are initiated with a State or local agency, the charge must be filed within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10. If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). If a claimant fails to file the civil action within this ninety-day period, the action is barred. *Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (stating this period constitutes a statute of limitations).

In their Motion to Dismiss, Defendants argue Machunis has failed to meet the above requirements because Machunis named the incorrect respondent—Caldwell Peterbilt—in his EEOC and Idaho Human Rights Act ("IHRA") charges, instead of naming his actual employer, Boise Peterbilt.[5] Dkt. 4-1. In general, "Title VII claimants may sue only those

---

[5] Defendants state in their Reply that the EEOC respondent, Caldwell Peterbilt, was Machunis's employer (Dkt. 13, at 2), but the Court assumes this was in error as Defendants state the opposite in their Motion to Dismiss (Dkt. 4-2, ¶ 5). However, that Defendants themselves appear to be confused regarding the specific entity which employed Machunis appears to illustrate both that Boise and Caldwell Peterbilt were "involved in the acts giving rise" to Machunis's EEOC claims, and that Boise Peterbilt "should have anticipated" that Machunis would name it in his Title VII suit. *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990). The Court accordingly has jurisdiction over Boise Peterbilt even though it was not named in Machunis's EEOC charge. *Id.*

named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990) (citation omitted).

Machunis responds by claiming the "identity of interest" exception should apply to excuse this mistake. Dkt. 13. Defendants counter that the Ninth Circuit does not recognize this exception. Dkt. 14, at 3 (citing *Norwick v. Gammell*, 351 F.Supp.2d 1025, 1036 (D. Haw. 2024)). However, the Ninth Circuit has nevertheless held Title VII charges can be brought against defendants not named in an EEOC complaint "as long as they were involved in the acts giving rise to the EEOC claims." *Id*. (quoting *Wrighten v. Metro. Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984). As such, the Ninth Circuit recognizes five exceptions to "the general rule that Title VII claimants may sue only those named in the EEOC charge[.]"[6] *Sosa,* 920 F.2d at 1458. The Court assesses these exceptions in turn and in the context of the pleadings.

### 1. Involvement in the Charged Acts

As noted, "Title VII charges can be brought against persons not named in an EEOC complaint as long as they were involved in the acts giving rise to the EEOC claims." *Wrighten*,726 F.2d at 1352. Here, it was apparently the conduct of Boise Peterbilt's employees—Thompson and Sedillos— which precipitated Machunis's  EEOC charge.[7]

---

[6] While Defendants identify the "notice" exception, they seem to conflate this with the anticipation exception and do not offer any alternative exception.

[7] Because Defendants contend Machunis was an employee of Boise Peterbilt and do not dispute Thompson and Sedillos were Machunis's Supervisor and Shop Manager, the Court assumes Thompson and Sedillos were also employees of Boise Peterbilt.

Dkt. 2, ¶¶ 22–26. Machunis also complained several times to Human Resources, a part of Jackson Group. Dkt. 13, ¶ 4; Dkt. 13-1, ¶ 4. Moreover, Machunis complained to Sandberg, an employee of Jackson Group (Dkt 13, ¶ 7), prior to his alleged retaliatory firing (Dkt. 2, ¶ 89). Further, after he was fired, Machunis was contacted by Adams, the president of Jackson Group, in an effort to reconcile. Dkt. 13, ¶ 7. While Caldwell Peterbilt was named in the EEOC charge, and not Defendants, Defendants were involved in the acts giving rise to the alleged claims and are thus subject to Machunis's Title VII suit.

### 2. Anticipation by Parties

As Defendants recognize (Dkt. 14, at 3–4), there is also an exception that allows a Title VII suit to be brought against unnamed parties when the "defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit…." *Sosa*, 920 F.2d at 1459 (quoting *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)). In *Chung*, the Ninth Circuit determined the complainant supplied an adequate basis for a Title VII claim against several doctors, although they were not named in the EEOC charge, because they should have anticipated the suit based simply on their involvement in the discriminatory conduct. *Chung*, 667 F.2d 788, 792 (9th Cir. 1982). Here, Defendants not only *should* have anticipated the claim based on their involvement in the discriminatory conduct but seem to have *actually* anticipated the claim based on their actions following Machunis's firing on June 6, 2022.

For instance, after Machunis filed a complaint with Sandberg on June 5 and was purportedly fired on June 6, 2022, Machunis told Thompson and Sedillos that he planned to consult with a lawyer. Dkt. 2, ¶ 25. Later that same day, Adams, the president of Jackson

Group, reached out to Machunis and made several attempts to reconcile. *Id.* Two days later, on June 8, 2022, Adams and Sandberg met with Machunis in another attempt to resolve the situation. *Id.* ¶ 26. From these facts, Defendants not only should have anticipated the suit, but apparently did anticipate both its fruition and their potential liability.

### 3. Principal-Agent and Substantially Identical Parties

While the Ninth Circuit does not recognize the "identity of interest" exception argued by Machunis, it does recognize an exception where "the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties.'" *Sosa*, 920 F.2d at 1459 (citation omitted)). In *Chung*, the plaintiff was allowed to maintain his Title VII suit against unnamed respondents because such individuals were doctors for the hospital named in the EEOC charge and were responsible for denying Chung the promotions mentioned in his charge. *Chung*, 667 F.2d at 792. As such, the directors "should have anticipated Chung would name in his suit those who denied him the promotions mentioned in the charge." *Id*. Similarly, in *Kaplan v. Int'l All. of Theatrical & Stage Emp. & Motion Picture Mach. Operators,* 525 F.2d 1354 (9th Cir. 1975), an international union that was not named in the EEOC charge was subject to a Title VII suit when only the local union was named in the charge due to the agency relationship between the local and international unions. *Id*. (*overruled on other grounds in Laughon v. Int'l All. of Theatrical Stage Emp*., 248 F.3d 931 (9th Cir. 2001).

Caldwell Peterbilt, the respondent in Machunis's EEOC complaint (Dkt. 2-1), is wholly owned by Jackson Group (Dkt. 4-2, ¶ 3). Likewise, Boise Peterbilt is owned by Jackson Group. Dkt. 10, at 1. While Machunis worked at the Caldwell Peterbilt location,

he was employed by Boise Peterbilt (Dkt. 13, ¶ 3) and reached out to the Human Resources department of Jackson Group (*Id.* ¶ 4). Additionally, it was the President of Jackson Group, Adams, who reached out to Machunis in an attempt to reconcile. Dkt. 2, ¶ 25–26. Given this web of overlapping entities, it is understandable that Machunis mistakenly believed his employer was Caldwell Peterbilt, particularly when considering Defendants themselves inadvertently state Caldwell Peterbilt was Machunis's employer in their Reply brief. Dkt 14, at 2. As such, it can easily be said that the unnamed Defendants, Boise Peterbilt and Jackson Group, are substantially similar to Caldwell Peterbilt.

### 4. *Inferable Violation*

Another exception to the general rule is when "the EEOC could have inferred that the unnamed party violated Title VII." *Sosa*, 920 F.2d at 1459. As discussed above, the relationship between Caldwell Peterbilt and the named defendants makes for a confusing situation. However, it can easily be inferred from the above facts that if it was not Caldwell Peterbilt which violated Title VII, then it was Boise Peterbilt or Jackson Group who did so. Given the overlap of these entities, it would be unjust to preclude a Title VII claim due to an oddly designed employment structure. Further, as the Ninth Circuit has repeatedly established, EEOC charges must be construed liberally. *See Sosa*, 920 F.2d at 1456; *Chung*, 667 F.2d at 790, 792; *Kaplan*, 525 F.2d at 1359; *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989).

### 5. *Notice and Participation in Conciliation*

Finally, "if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, then suit may proceed against the unnamed party."

*Sosa*, 920 F.2d at 1459 (citation omitted). As Machunis contends in his response brief, and Defendants fail to address in their reply, "the President of the unnamed party . . . showed up at the Reconciliation and participated in it." Dkt 13, ¶ 16. As such, Machunis can maintain a Title VII suit against the unnamed respondents.

## V. CONCLUSION

Any one of these exceptions would suffice for Machunis to maintain a Title VII suit against unnamed respondents. As the Court's analysis of these exceptions shows, there are multiple reasons to allow this suit against Defendants to proceed—though they were not specifically named in Machunis's EEOC charge—and scant reasons proffered by Defendants to support the inverse conclusion. "Failure to exhaust is an affirmative defense as to which the defendant bears the burden of proof." *Tsosie v. N.T.U.A. Wireless LLC*, 2024 WL 4971963, at *1 (9th Cir. Dec. 4, 2024) (citing *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch,* 572 F.3d 1039, 1046 n.7 (9th Cir. 2009)). As outlined above, Defendants have not only failed to meet this burden but have also completely ignored the many exceptions to the notice requirement which appear to be applicable here. In short, because Machunis's complaint does not "fall within the 'rare' category of cases where failure to exhaust administrative remedies is clear on the face of the complaint," Defendants' Motion to Dismiss is DENIED. *Tsosie*, 2024 WL 4971963, at *2.

///

///

///

///

MEMORANDUM DECISION AND ORDER - 11

## VI. ORDER

1.  It is HEREBY ORDERED Defendant's Motion to Dismiss (Dkt. 4) is **DENIED**.

DATED: July 9, 2025

David C. Nye
Chief U.S. District Court Judge